NOT DESIGNATED FOR PUBLICATION

No. 113,805

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERALD ALLEN JONES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed April 8, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

*Per Curiam:* Gerald Allen Jones, a 73-year-old grandfather who pled no contest to taking aggravated indecent liberties with his 3-year-old stepgranddaughter, his 7-year-old stepgrandson, and a 4-year-old boy his wife was babysitting, contends the sentencing court erred when it denied his motion for a departure sentence. Jones claims the court abused its discretion because there is no substantial competent evidence in the record to support the court's conclusion that he had not accepted responsibility for his actions. Our review reveals otherwise. We affirm his sentence. There was no abuse of discretion here.

1

Jones pled no contest to three counts of aggravated indecent liberties with a child. Prior to sentencing, Jones filed a motion for a departure sentence under K.S.A. 2015 Supp. 21-6627(d) and attached a copy of the psychosexual evaluation he underwent at his attorney's request as Exhibit A. In his motion, Jones identified six mitigating factors warranting the departure: (1) he has no prior history of sex offenses; (2) his age; (3) the victims were not required to testify; (4) he has "to some extent accepted he has a sexual behavior problem"; (5) he has a low risk of recidivism; and (6) he could benefit from a sex offender treatment program.

At sentencing, the district court found Jones had no prior sex offenses, was 73 years old, and the victims were not required to testify. However, the district court also found the record did not support Jones' assertion he had accepted responsibility for his actions. The district court determined the evaluator's findings regarding Jones' risk of recidivism were inaccurate because at the time of his evaluation, Jones' only known victims were his two stepgrandchildren. The evaluator was unaware of Jones' nonrelative victim. Finally, the district court found Jones would not be an appropriate candidate for sex offender treatment.

The district court found Jones' contentions in mitigation were not substantial and compelling reasons to depart and sentenced him to life imprisonment without the possibility of parole for 25 years.

On appeal, Jones argues the district court abused its discretion when it found he did not accept responsibility for his actions and would not benefit from treatment because those findings are not supported by substantial competent evidence.

*We must review some fundamental points of law.*

According to K.S.A. 2015 Supp. 21-6627(a)(1), when a defendant over the age of 18 is convicted of aggravated indecent liberties with a child who is under 14, the defendant shall be sentenced to a mandatory minimum term of imprisonment of at least 25 years. The sentencing court may impose a departure sentence if, following a review of mitigating circumstances, the judge finds substantial and compelling reasons for the departure sentence. K.S.A. 2015 Supp. 21-6627(d)(1). The existence of mitigating factors does not necessarily equal substantial and compelling reasons to depart. *State v. Jolly*, 301 Kan. 313, 323, 342 P.3d 935 (2015).

We use an abuse of discretion standard to review a district court's determination of whether mitigating circumstances presented under K.S.A. 2015 Supp. 21-6627(d) are substantial and compelling reasons for a departure sentence. See *Jolly*, 301 Kan. at 325. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Further, when a discretionary decision requires fact-based determinations, a district court abuses its discretion when the decision is based on factual determinations not supported by the evidence. *Jolly*, 301 Kan. at 325. Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

*The record supports the court's denial of Jones' departure motion.*

In *Jolly*, the Kansas Supreme Court found Jolly accepted responsibility for his actions by pleading guilty. 301 Kan. at 328. "A plea of guilty is admission of the truth of the charge and every material fact alleged therein." K.S.A. 22-3209(1). Unlike Jolly, Jones did not plead guilty. Unlike a guilty plea, a no contest plea does not admit the truth

of the charge or the material facts alleged. In fact, K.S.A. 22-3209(2) makes it clear it is not an admission at all:

"A plea of nolo contendere is a formal declaration that the defendant does not contest the charge. When a plea of nolo contendere is accepted by the court, a finding of guilty may be adjudged thereon. *The plea cannot be used against the defendant as an admission in any other action based on the same act*." (Emphasis added.)

Further, Jones' mental health evaluation noted inconsistencies in his statements regarding his responsibility for the offenses. While Jones sometimes acknowledged he had a sexual problem during his psychosexual evaluation, on an assessment as part of the evaluation he "Agree[d] Strongly" to prompts indicating he did not plan or intend to commit a sexual offense, he did not believe he had a sexual problem, he was the real victim in his current situation, and he would not have been convicted of a sexual offense if the truth had been told. The evaluation indicates: "Several times during the interview, Mr. Jones would deny ever touching either of the victims and other times he would express remorse, stating it was 'just one of those things' and he 'wasn't thinking' about what he was doing."

Jones' no contest plea was not an admission that he committed the crimes charged, nor was it an acceptance of responsibility for his actions. Similarly, the inconsistencies in Jones' evaluation suggest Jones has not accepted responsibility for his actions. There was substantial competent evidence supporting the district court's finding that Jones had not accepted responsibility for his actions.

Jones also argues the district court abused its discretion when it found he would not benefit from treatment because the finding is not supported by substantial competent evidence. In Jones' psychosexual evaluation, the evaluator indicated Jones could benefit from a sex offender treatment program focusing on risk management and lowering his

dynamic risk. However, Jones also indicated he would not refuse help if someone offered, but *he did not believe there was anything wrong with him*. In addition, the evaluator indicated Jones was "likely to manifest behaviors associated with resistance to treatment." In our view, there was substantial competent evidence supporting the district court's finding that Jones would not benefit from treatment.

Since the district court's findings were supported by substantial competent evidence, it did not abuse its discretion when it found Jones had not accepted responsibility for his actions or when it found Jones would not benefit from sex offender treatment.

Affirmed.